Ruffin, C. J.
 

 By an act, passed in the year 1840, ch.
 
 87,
 
 “to incorporate the town of Rutherfordton,” it is enacted, s. 2, that the citizens of the town, on the first Monday of March in each year, may elect a town magistrate and four commissioners, with certain qualifications, as therein spec!-
 
 *172
 
 fied, to serve for one year from the day of election and, by sec. 3. “that the sheriff of Rutherford county shall hold said elections for .town magistrate and commissioners under ^ same regulations that elections are now held for .members of Assembly, and shall determine who is elected ; and that he shall immediately furnish the ..town clerk with a cer-lificate, stating-who are elected, which certificate the town .clerk shall enter in a book to be kept for that purpose, and the said certificate or entry thereof in the clerk’s book shall be deemed conclusive evidence of the election of such .persons to the offices-therein specified;” By the fourth section .it is further enacted, “ that the said commissioners, niter they are thus elected, and shall have taken an or.th faithfully to perform their duty, shall be deemed and held a body politic and corporate, bjr the name and style of “The Commissioners .of Rutherfordton,” and have certain powers, authorities and duties as therein set forth ; among which is .that of appointing the town clerk ; and, by the 11th section, .that if the sheriff shall fail to hold said election for town officers, he shall forfeit fifty dollars ; and, by the 12th section, “that if the magistrate and commissioners shall permit the streets or roads within the limits of the corporation to get out of order, they shall be liable to indictment, and, on con-viction, be fined at the discretion of the court.”
 

 The defendants, John McBntyre, Edmund Bryan, William Twittyand Harvey D. Collier were indicted in two counts. In the first count, after reciting the material parts of the act, it is alleged, “ that, in pursuance of the diiections of the said statute, the sheriff- of Rutherford .county did, on the •first Monday of March, in the year of our Lord, 1841, duly .hold an election in the said town of Rutherfordton, for a town magistrate and four commissioners to serve for one year from the day of said election, and, that, then and there the said John McEntire was duly elected and determined .and declared by the said sheriff to be duly elected to the •said office of town magistrate ; and the said Edmund Bryan, William Twitty and Harvey D. Collier, with one John G. Bynum, were duly elected and declared and determined by
 
 *173
 
 the said sheriff to be duly elected to the said offices oí coni' missioners for the said town; and, that thereupon it and there became the duty of the said John McEntyre, Edmund Bryan, William Twitty and Harvey D. Collier, to take an oath respectively, faithfully to perform their duty respectively in their said respective offices. And the jurors do further present, that on the first day of April, in the year 1841, and for a long space of time theretofore, to wit, from the said first Monday of March to the first day of April in the year last aforesaid, they the said McEntyre, Bryan, Twitty and Collier, refused to take the oath prescribed by said statute as aforesaid, and refused to perform their duty as such town magistrate and commissioners as aforesaid, contrary to the form of the statute in that case made and provided, and against the peace and dignity of the State.
 

 The second count, after again reciting the material parts of the statute, charges, “ that it became thereby the duty of the said town magistrate and commissioners to keep the streets within the limits of the said corporation in order and good repair; and that the said John McEntyre, being elected town magistrate as aforesaid, and the said Edmund Bryan, William Twitty and Harvey D. Collier, being elected commissioners as aforesaid, with force &c. in &c. did suffer and permit the streets of the said town of Rutherfordton to be and remain out of repair for a long time, to wit, from the said first Monday of March in the year &e. to&c., contrary to the form of the statute and against the peace and dignity of the State.”
 

 . Upon “ not guilty” pleaded, the jury found a special verdict ; by which it appears, that on the 1st Monday of March, 1841, an election was held in Rutherfordton, for persons to fill the several offices of town magistrate and commissioners, at which the persons named in the indictment received the majority of the votes given ; that the election was not held by the sheriff in his own person, but that by writing under his hand he appointed John G. ■ Bynum his deputy to hold said election, and that said Bynum opened the polls and received a number of votes and then went away, leaving one Bryan to superintend the election in his stead, and that Bry-
 
 *174
 
 in the absence of Bynum, received some votes, which elected some of the persons indicted ; that the names of the voters were truly entered by a clerk, and that the said By-n,lra returned before sunset and examined the list of voters and approved the same, and closed the polis, and then gave notice to the defendants ol their election. If the court should be of opinion, that the elections held, in the manner thus set forth, were lawful and valid, and that the persons thus chosen town magistrate and commissioners are indictable in law for failing to serve in the said offices, and perform the acts and things as laid in the indictment, the jury find the defendants guilty ; if otherwise, then they find the defendants not guilty. The court gave judgment for the defendants, and the solicitor for the State appealed.
 

 Besides objections that might be taken to the form of the indictment, there are several reasons why, upon the merits and substance, the judgment should have been for the defendants, as we think.
 

 There is an essential difference between failing to perform a duty of an office, into which a person has entered and which he is
 
 de facto
 
 filling, and refusing or failing to accept the office, and qualify himself. A person who undertakes an office and is in office, though he might not have been duly appointed, and, therefore, may have a defeasible title or not have been eompelable to serve therein, is yet, from the possession of its authorities, and the enjoyment of its emoluments, bound to perform ail the duties, and liable for their omission, in the same manner as if the appointment were strictly legal, and his right perfect. But when a person is charged, as a crime, with a failure to accept and serve in an office, he may, in the first place, insist, supposing him to have been duly chosen or appointed, that the omission is not punishable by indictment; and, in the next place, there is nothing to prevent him from showing that he was not duly appointed or elected. Upon each of these grounds we think these defendants should have been acquitted.
 

 It is manifest, that these persons never entered upon the offices to which it is said they were elected. The act does not make the election by itself an investiture; but taking
 
 *175
 
 the oaths of office is a pre-requisite to induction. The not taking them is the gist of the first count; and the count is founded on the idea, that election only is all that is necessary to put the persons in office. It does not charge that they
 
 are
 
 town magistrate, &c. or that
 
 being
 
 town magistrate, &c. that it was their duty as such officers to keep the streets in repair ; but only, that they,
 
 being elected as aforesaid,
 
 did suffer, &c. Now, the court has no doubt that it is competent to the Legislature to require any person, appointed to office in any manner prescribed by law, to serve therein, under the pain of indictment or any other penalty. But we are aware of no principle of the common law, that renders such an omission criminal; and this statute contains no provision to that effect.
 

 But if it were an indictable offence not to qualify and serve in these stations upon valid appointments, our opinion is, that these persons were justified in not doing so, because of the insufficiency of the election. The charter says, the sheriff of the county shall hold the election, under the same regulations under which elections are held for the Legislature, and shall determine who is elected. It furthermore prescribes the manner in which that determination shall be declared, which is by his certificate of election deposited with the town clerk. As this was the first election under the charter, and the power of appointing the clerk is vested in the board of commissioners, there could be no clerk to whom the certificate in this case could be given ; and it may then be admitted, that, from necessity, the construction is, that the clerk’s book is not indispensable evidence of the election. But the defendants contend, that the sheriff has not in any manner determined, who was elected; and that the deputy was not competent to it. It is probable the Legislature intended, that the sheriff himself should conduct this election, as it is to be held at but one place and for'one day ; though it may be, that, from the inconvenience of not having an election, if the sheriff were from sickness or other cause necessarily absent, it was intended that this, like many others of his duties, might be performed by deputy. Without determining that point, the court is of opinion, that, at
 
 *176
 
 least, the deputy should have been sworn. The statute im-into this election the regulations prescribed for elections to the General Assembly. And as to them it is very clea|,i that the Legislature intended, as a security for their being conducted fairly and impartially,- that they should be held and superintended by persons, acting under the obligation of an oath.
 

 The sheriff himself is sworn, generally, to the faithful performance of all his duties, upon entering into office. By the 4th
 
 &
 
 5th sections of the act,- Rev. St. ch.
 
 52,
 
 the inspectors are te be sworn
 
 }
 
 and by the 6th section, the sheriff, or other returning officer, “ or his deputy,
 
 which deputy shall in all cases be sworn before proceeding to
 
 act,” shall receive the tickets, and deposit them in the proper box. In this case the election was in part held by a person not appointed a deputy by the sheriff; and it is not found, that either of the persons who held it was sworn, and the contrary is to be presumed, from the silence of the special verdict on that point.
 

 Per Curiam. Judgment affirmed.